# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JANE DOE,

    Plaintiff,

v.

JOHN DOES 1-5,

    Defendant(s),

Case No.: 4:15-mc-00005-RH-CAS

## SUPLEMENTAL DECLARATION IN SUPPORT OF REQUESTS
## FOR ISSUANCE OF 17 U.S.C. § 512(H) SUBPOENAS

I, Michael H. Moody, Esq., declare as follows:

1) I am an attorney licensed to practice law in the State of Florida and am associated with Greenberg Traurig, P.A. I am authorized to act on behalf of Jane Doe on matters involving the infringement of Jane Doe's copyrighted works. I have personal knowledge of the facts contained herein and, if called upon to do so, I could and would testify competently thereto.

2) I submit this declaration in support of Jane Doe's requests for issuance of additional subpoenas pursuant to the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512(h) (the "DMCA Subpoenas"), to identify the alleged infringer who initially posted content to which Jane Does holds the exclusive copyright, without her consent, on the websites TheDirty.com, FSUACB.com, and TinyPic.com.

3) As of the date of this supplemental declaration, it has become necessary to issue additional takedown demands (attached hereto as Exhibit "A") and DMCA subpoenas

(attached hereto as Exhibit "B"), because the alleged infringer has posted content to which Jane Doe holds the exclusive copyright, without her consent, on the websites 4chan.org and fgts.jp.

4) The purpose for which the DMCA Subpoenas are sought is to obtain the identity of the alleged infringer (or infringers) and such information will only be used for the purpose of protecting Jane Doe's rights under 17 U.S.C. § 100, *et. seq.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ _____
Florida Bar No. 66471

**GREENBERG TRAURIG, P.A.**
101 East College Avenue
Tallahassee, FL 32301
Telephone (850) 222-6891
Facsimile (850) 521.1341
Moodym@gtlaw.com
TrammelC@gtlaw.com
*Counsel for Jane Doe*

Exhibit "A"

Michael H. Moody
Tel.: 850.425.8544
Fax: 850.521.1341
MoodyM@gtlaw.com

April 3, 2015

**VIA EMAIL (DMCA@4CHAN.ORG)**

4chan, LLC
ATTN: Christopher Poole, DMCA Agent
2711 Centerville Road, Suite 400
Wilmington, DE 19808
Tel (424) 266-0466
Fax (424) 289-6074

        Re:     DMCA Infringement Notification and Take Down Request

Dear Mr. Poole:

        We represent Ms. ███████████. We are serving this letter on you to notify you that certain content on the website 4chan.org is infringing on at least one copyright owned by Ms. ███████. More specifically, without authorization, one of your users posted an image to which the lawful copyright owner is Ms. ███████. Ms. ███████ is the exclusive owner of the copyrights in and to the image below:



        The image appears at the following web addresses on 4chan.org (and possibly on other web addresses on the site as well):

        boards.4chan.org/r/thread/13230242/f███████████████████████
        boards.4chan.org/b/thread/607268238/a██████████████████████

  The undersigned has a good faith belief that use of the image in the manner described herein is not authorized by Ms. ███████ or the law. Under penalty of perjury, the undersigned represents and is authorized, with respect to this matter, to act on behalf of Ms. ███████, the owner of the exclusive copyrights described above, and believes the information in this notice to be accurate. As such, we ask that you remove this infringing material.

  Please be advised that this letter is not intended as a complete statement of the facts or law as they pertain to this matter. Ms. ███████ reserves all rights and remedies.

        Very truly yours,

        Michael H. Moody
        Greenberg Traurig, LLP
        101 East College Avenue
        Tallahassee, FL 32301
        (850) 425-8544 (voice)
        (850) 521.1341 (fax)

Exhibit "B"

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| Jane Doe | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:15-00005-RH-CAS |
| John Does 1-5 | ) |
|  | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, 4chan, LLC, c/o Christopher Poole, DMCA Agent, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, dmca@4chan.org

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see the attached Exhibit "A"

| Place: Greenberg Traurig, P.A., 101 East College Ave. / Tallahassee, FL 32301 or via email to moodym@gtlaw.com | Date and Time: 04/07/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/03/2015

*CLERK OF COURT*

_____     OR     *[signature]*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jane Doe
, who issues or requests this subpoena, are:

Michael H. Moody, Esq., 101 East College Ave, Tallahassee, FL 32301, moodym@gtlaw.com, (850)425-8544

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:15-00005-RH-CAS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

**This subpoena was issued pursuant to 17 U.S.C. 512(h) to ascertain the identity of the alleged infringer of the Digital Millenium Copyright Act who posted content on 4chan.org to which ▇▇▇▇▇▇▇▇ owns the exclusive copyright, without her consent.**

Our client is the exclusive copyright owner of a images of herself that were posted onto 4CHAN.ORG and other websites without her authorization by an anonymous user. The same or similar postings were also made on other websites with false and defamatory statements asserting that she had committed crimes she had not committed, had diseases she does not have, and had transmitted those diseases to others. The purpose of this subpoena is to obtain the identity of the user who uploaded the picture and defamatory statements, or to obtain information that may lead to the uncovering of the anonymous poster's identity.

    1.    Produce all documents, communications, and other information revealing the identity of the user who posted the photograph below on the links identified herein:



boards.4chan.org/r/thread/13230242/▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
boards.4chan.org/b/thread/607268238/▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Your response should include, at minimum, documents sufficient to show the user's name, address, telephone number, IP address, IP logs, and e-mail address. Include in your response the length of service for this user, including state and end dates, the user's account status, and membership information. Include in your response all web server logs for the user so identified.

    2.    All documents, communications, or other information, identifying the Internet Protocol Address from which the image was uploaded, and the date and time the image was uploaded. Include in your response documents sufficient to show the file type and size of the photograph that was uploaded.

3. All documents, communications, or other information including IP logs revealing the number of times the image has been viewed or downloaded from your site.

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| Jane Doe | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:15-mp-00005-RH-CAS |
| John Does 1-5 | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Subpoena Compliance, Time Warner Cable Internet, LLC, 13820 Sunrise Valley Drive, Herndon, VA 20171, fax (704) 697-4911

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit "A"

| Place: Greenberg Traurig, P.A., 101 E. College Ave Tallahassee, FL 32301 or by email to moodym@gtlaw.com | Date and Time: 04/10/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/06/2015

*CLERK OF COURT*

OR _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jane Doe
_____, who issues or requests this subpoena, are:

Michael H. Moody, Esq., 101 E. College Ave, Tallahassee, FL 32301, moodym@gtlaw.com, (850) 425-8544

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:15-mp-00005-RH-CAS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                *Server's signature*

                            _____
                                                *Printed name and title*

                            _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

1.  All documents[1] pertaining to the following Internet Protocol addresses on the dates and times listed below. Your response should include, at minimum, documents sufficient to show the user's name, address, telephone number, and e-mail address.

| Date | Time (24h) | IP Address |
|---|---|---|
| 2015-04-01 | 17:26:33 ET | ███ |
| 2015-04-01 | 22:43:39 ET | ███ |
| 2015-04-03 | 16:26:16 ET | ███ |

---

[1] The term "document" or any variant thereof, means all matter that is written, typed, printed, reproduced, or recorded (including graphic, aural, mechanical or electronic records), referring or relating to, directly or indirectly, in whole or in part, the matter that is the subject of the particular discovery request, including but not limited to, originals and copies of letters, notes, notebooks, minutes, memoranda of telephone calls, correspondence, drafts, messages, telegrams, periodicals, brochures, leaflets, bonds, files, records, reports, working papers, routing slips, diaries, calendars, appointment books, log books, time sheets, budgets, estimates, studies, checks, statements, receipts, returns, books, interoffice and intraoffice communications, notations of any sort of conversations, bulletins, computer printouts, teletypes, telefacsimiles, photographs, charts, graphs, microfiche, video tapes, motion pictures, tapes, cassettes, mag cards, disks, recordings, computer-stored data, worksheets, contracts, agreements, bids, offers, proposals, quotations, tables, compilations, tabulations, tallies, diagrams, drawings, maps, illustrations or statistical analysis, by whomever prepared now or formerly in your actual or constructive possession, custody or control. If a document has been prepared in several copies, or if additional copies are made that are not identical, or are no longer identical by reason of subsequent notation or other modification of any kind whatsoever, including but not limited to notations on the backs of pages thereto, each non-identical copy is a separate document and must be identified.

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| Jane Doe | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:15-mp-00005-RH-CAS |
| John Does 1-5 | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Legal Compliance, Bright House Networks / Neustar, Inc., 4600 Center Oak Plaza, Sterling, VA 20166, fax (571) 434-3401; fiduciaryservicesfax@neustar.biz

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit "A"

| Place: Greenberg Traurig, P.A., 101 E. College Ave Tallahassee, FL 32301 or by email to moodym@gtlaw.com | Date and Time: 04/10/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/06/2015

CLERK OF COURT

_____   OR   _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jane Doe , who issues or requests this subpoena, are:

Michael H. Moody, Esq., 101 E. College Ave, Tallahassee, FL 32301, moodym@gtlaw.com, (850) 425-8544

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:15-mp-00005-RH-CAS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

1. All documents[1] pertaining to the following Internet Protocol addresses on the dates and times listed below. Your response should include, at minimum, documents sufficient to show the user's name, address, telephone number, and e-mail address.

| Date | Time (24h) | IP Address |
|---|---|---|
| 2015-04-01 | 17:26:33 ET | ███ |
| 2015-04-01 | 22:43:39 ET | ███ |
| 2015-04-03 | 16:26:16 ET | ███ |

---

[1] The term "document" or any variant thereof, means all matter that is written, typed, printed, reproduced, or recorded (including graphic, aural, mechanical or electronic records), referring or relating to, directly or indirectly, in whole or in part, the matter that is the subject of the particular discovery request, including but not limited to, originals and copies of letters, notes, notebooks, minutes, memoranda of telephone calls, correspondence, drafts, messages, telegrams, periodicals, brochures, leaflets, bonds, files, records, reports, working papers, routing slips, diaries, calendars, appointment books, log books, time sheets, budgets, estimates, studies, checks, statements, receipts, returns, books, interoffice and intraoffice communications, notations of any sort of conversations, bulletins, computer printouts, teletypes, telefacsimiles, photographs, charts, graphs, microfiche, video tapes, motion pictures, tapes, cassettes, mag cards, disks, recordings, computer-stored data, worksheets, contracts, agreements, bids, offers, proposals, quotations, tables, compilations, tabulations, tallies, diagrams, drawings, maps, illustrations or statistical analysis, by whomever prepared now or formerly in your actual or constructive possession, custody or control. If a document has been prepared in several copies, or if additional copies are made that are not identical, or are no longer identical by reason of subsequent notation or other modification of any kind whatsoever, including but not limited to notations on the backs of pages thereto, each non-identical copy is a separate document and must be identified.