**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**JANE DOE,**

**Plaintiff,**

**vs.** **Case No. 4:15mc05-RH/CAS**

**JOHN DOES 1-5,**

**Defendants.**

**_____________________________/**

## REPORT AND RECOMMENDATION[1]

Defendant John Doe filed a Motion to Quash Subpoena, ECF No. 3, and Plaintiff has filed a response in opposition to the motion, ECF No. 5.

This case was initiated by the filing of a Notice of Commencement, ECF No. 1, on February 13, 2015. The notice asserted a violation of the Digital Millenium Copyright Act (DMCA), alleging various photographs of Jane Doe were posted to the internet

---

[1] Typically a motion to quash a subpoena is a "routine matter which a magistrate judge could dispose of as a nondispositive motion . . . ." In re Subpoena issued to Birch Commc'ns, Inc., No. 1:14-CV-3904-WSD, 2015 WL 2091735, at *2 (N.D. Ga. May 5, 2015), appeal dismissed (Aug. 7, 2015). Where, as here, "the Subpoena is 'not part of a larger case before the court,' and a decision on the Motion to Quash will end the proceeding in this Court," it is in the nature of a dispositive motion. In re Subpoena, 2015 WL 2091735, at *2 (citing NLRB v. Frazier, 966 F.2d 812, 817 (3rd Cir. 1992). Thus, a Report and Recommendation is entered in this case.

without her consent or authorization by anonymous users. *Id.* at 1. The Notice advised that the subpoenas sought to "authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner information sufficient to identify the infringer to the extent such information is available to the service provider." *Id.* at 2.

Defendant states that the subpoena received[2] was not issued by the Clerk of Court pursuant to safeguards afforded by § 512(h). ECF No. 3 at 2, 10-11, 14. Defendant also claims the subpoena is deficient on its face because it lists an incorrect case number. *Id.* at 13. Additionally, Defendant challenges whether sufficient facts were pled by Plaintiff to "establish any connection to the John Doe" Defendant, the need for the subpoena, and to permit the Notice of Commencement to" proceed with this litigation. *Id.*

Plaintiff contends the subpoena was properly issued as counsel for Plaintiff is authorized to practice in this Court. ECF No. 5 at 7. Plaintiff advises that the subpoena was issued at the direction of the Clerk and Plaintiff is entitled to its enforcement. *Id.* Additionally, Plaintiff argues that at this stage, she is "simply ascertaining the identity of an alleged infringer to contact him and investigate whether a copyright violation has in fact occurred, or if she is in imminent danger of having her images re-published." *Id.* at 5. "She is neither required to prove up a copyright violation, nor to prove the elements necessary for the issuance of an injunction." *Id.* at (citing 17 U.S.C. § 512(h)(2)).

---

[2] A copy of the subpoena was filed as Exhibit A. ECF No. 3 at 16. The subpoena was signed on June 12, 2015, and requested production by June 25, 2015. *Id.* It is not clear when the subpoena was received but the motion was filed on July 18, 2015. ECF No. 3. Rule 45(d)(3) authorizes a court to quash or modify a subpoena on "timely motion." Absent argument to the contrary, it is assumed this motion is timely.

Pursuant to 17 U.S.C. § 512(h)(1), "[a] copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection." "The request may be made by filing with the clerk- (A) a copy of a notification described in subsection (c)(3)(A);[3] (B) a proposed subpoena; and (C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title." 17 U.S.C. § 512(h)(2). "If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the

---

[3] That statute provides: "To be effective under this subsection, a notification of claimed infringement must be a written communication provided to the designated agent of a service provider that includes substantially the following:

(i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

(ii) Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.

(iii) Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.

(iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.

(v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

(vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

17 U.S.C. § 512(c)(3)(A).

clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider." 17 U.S.C. § 512(h)(4).

In this case, counsel for the alleged "copyright owner" filed a Notice of Commencement, ECF No. 1, which included copies of "Infringement Notification and Take Down Request[s]." ECF No. 1-1 (Exhibit A). Those written Notifications included all six required pieces of information listed in § 512(c)(3)(A). ECF No. 1-1 at 2-7. Proposed subpoenas were included, (Exhibit B), as well as a sworn declaration (Exhibit C) in compliance with § 512(h)(2)(C). ECF Nos. 1-2, 1-3. Because all requirements were included in the Notice of Commencement, the Clerk of Court could, perhaps should, have issued and signed the proposed subpoenas as provided for in § 512(h)(4). In this case, the Clerk of Court did not do so and no motion for issuance of the subpoenas was filed. Thereafter, a Supplemental Declaration[4] was filed on April 6, 2015, ECF No. 2, but again no motion to issue a subpoena was filed.

Instead, Plaintiff's counsel signed and issued the subpoena. ECF No. 3 at 16. Pursuant to Rule 45(a)(3), a "clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." FED. R. CIV. P. 45(a)(3). However, the rule also provides that "[a]n attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." FED. R. CIV. P. 45(a)(3). There has been no argument that Plaintiff's counsel is not authorized to practice in this Court. Moreover, § 512(h)(6) provides:

> Unless otherwise provided by this section or by applicable rules of the court, the procedure for issuance and delivery of the subpoena, and the

[4] Plaintiff's counsel's attention is directed to ECF No. 2 at 4 and an apparent inadvertent disclosure which was previously redacted. *See* ECF No. 1-1 at 2, 4, and 6.

> remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum.

17 U.S.C. § 512(h)(6). Because that statute permits issuance of a subpoena in accordance with the Rules of Civil Procedure, there was nothing improper about counsel signing the subpoena instead of the Clerk of Court. The motion to quash on this basis should be denied.

Defendant John Doe also asserts that the subpoena should be quashed because the Defendant has a First Amendment right to anonymous speech, a privilege to remain anonymous, and contends § 512(h) permits unrestricted fishing expeditions. ECF No. 3 at -8. Notwithstanding, the motion to quash should be denied because a Rule 45 subpoena "is the only way in which Plaintiff can identify John Doe and thus move forward with the case." Malibu Media, LLC v. Doe, No. 2:14-CV-154-FTM-29CM, 2014 WL 2861482, at *1 (M.D. Fla. June 24, 2014) (quoting Malibu Media, LLC v. Doe, No. 13-21579-CIV, 2013 WL 2950593, *1 (S.D. Fla. June 14, 2013). Plaintiff has made a prima facie showing in support of the subpoena as required by § 512(c)(3)(A).

Rule 45 permits a court to "quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A). John Doe Defendant has not argued that any of those grounds are present. Thus, the motion to quash should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to quash, ECF No. 3, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 6, 2015.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**